**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER QUINTANILLA-TORRES, | No. 12-71008 |
| Petitioner, | Agency No. A095-754-046 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Roger Quintanilla-Torres, a native and citizen of El Salvador,

petitions pro se for review of a decision from the Board of Immigration Appeals

("BIA").  The BIA dismissed his appeal from the immigration judge's ("IJ") denial

of his motion to reopen proceedings after his removal was ordered in absentia.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Where the BIA adopts the IJ's decision and adds its own reasoning, we review both decisions. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). The denial of a motion to reopen is reviewed for an abuse of discretion, and questions of law are reviewed de novo. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). Our review of an in absentia removal order is limited to the validity of the notice provided to the alien, the reasons for the alien's absence, and whether the alien is removable. 8 U.S.C. § 1229a(b)(5)(D). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

Quintanilla-Torres failed to challenge the BIA and IJ's grounds for denying his motion to reopen. We deem those issues waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Quintanilla-Torres's sole argument on appeal is that he should be permitted to reopen his case so that he can pursue cancellation of removal and adjustment of status. However, Roger failed to raise this issue before either the BIA or the IJ. Because he did not exhaust this claim, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION DENIED.**

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2